UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   08-cr-00165-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1.  LELAND HINES**,

    Defendant.

---

**MINUTE ORDER**

---

ORDER ENTERED BY SENIOR JUDGE WILEY Y. DANIEL

    THIS MATTER is before the Court on defendant, Leland Hines's, Motion To Clarify Judgment Of Commitment [ECF No. 392].

    In this motion, Hines requests that I enter an Order directing the Federal Bureau of Prisons ("BOP") to give him credit for time served beginning on May 21, 2008.  Credit for time served is determined by the BOP. *See United States v. Moss*, 2013 U.S. Dist. LEXIS 85995, *2 (D. Kan. June 19, 2013) (internal citations omitted) ("The Attorney General, through the Bureau of Prisons, is responsible for imprisoning federal offenders. Determining credit for time served is part of this responsibility"); *United States v. Frazier*, 2012 U.S. Dist. LEXIS 3635, *5 (N.D. Okla. Jan. 11, 2012) ("This Court does not have authority to compute or award jail credit at sentencing or to later order application of such credits toward a sentence"); *United States v. Goree*, 2012 U.S. Dist. LEXIS 22557, *28-29 (D. N.M. Feb. 12, 2012) ("Because the Attorney General determines credit for time served after a sentence begins, the Court will not order that the BOP credit Goree with 142 days in custody against his federal sentence"); *United States v. Padilla*, 2011 U.S. Dist. LEXIS 149472, *2 (D. N.M. Dec. 19, 2011) ("The Court has no authority to tell the Bureau of Prisons ('BOP') how to calculate Padilla Jr.s' credit for time served . . . "). Thus, I have no authority to determine Hines' credit for time served.  As such, it is

    ORDERED that Hines' Motion To Clarify Judgment Of Commitment [ECF No. 392] is **DENIED**.

    Dated:  April 14, 2014.