# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 08-cr-0165-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **LELAND HINES**,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT

This matter is before the Court on Defendant Leland Hines' Motion to Vacate Judgment, brought under 28 U.S.C. § 2255 (the "Motion") (ECF No. 418). For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

In 2010, Defendant Leland Hines was convicted pursuant to guilty plea of aiding and abetting an armed bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), and 2113(d) ("Count 3"); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A) ("Count 4"). (ECF No. 336.) Defendant was sentenced by the late U.S. Senior District Judge Wiley Y. Daniel to a period of imprisonment of 22 months as to Count 3, and 84 months as to Count 4, to run consecutively. (*Id.*) In June 2016, Defendant filed the instant Motion. (ECF No. 418.) In May 2019, after the untimely death of Judge Daniel, this matter was reassigned to the undersigned for all purposes. (ECF No. 442.)

Defendant seeks vacatur of the judgment against him on Count 4. He argues that, because liability was based on 18 U.S.C. § 924(c)(3)(B), and because § 924(c)(3)(B) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction on Count 4 violates his rights under the Due Process Clause of the Fifth Amendment. (ECF No. 418 at 1–2.)

Section 924(c)(1)(A), the basis for Defendant's conviction on Count 4, imposes criminal liability on persons who, "during and in relation to any crime of violence, . . . use[ ] or carr[y] a firearm." For purposes of that subparagraph, "'crime of violence' means an offense that is a felony and" either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Defendant argues that the predicate offense for his § 924 conviction—aiding and abetting armed bank robbery—does not satisfy § 924(c)(3)(A). In other words, Mr. Hines contends that 18 U.S.C. § 2113(a) and (d) do not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Thus, Defendant argues, his conviction under § 924 must have been based on subparagraph (c)(3)(B), which he asserts is unconstitutionally vague.

### III. ANALYSIS

In 2019, the Supreme Court ruled that § 924(c)(3)(B) is unconstitutionally vague.

*United States v. Davis*, 139 S. Ct. 2319 (2019).[1]  Defendant accordingly is correct to the extent he contends that his conviction on Count 4 stands or falls on whether aiding and abetting a violation of § 2113(a) and (d) satisfies § 924(c)(3)(A).

Defendant argues that (1) imposition of liability under § 2113(a) and (d) does not require a showing that the defendant used, attempted to use, or threatened to use force against another person; and (2) even if it did, the same cannot be said with respect to liability for *aiding and abetting* a violation of § 2113(a) and (d).

As to Defendant's first argument, § 2113(a) provides as follows:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

As Defendant points out, the second paragraph of this subsection states that liability may be imposed on a person who enters a bank with the intent to commit "*any*

---

[1] Both *Davis* and *Johnson*, 135 S. Ct 2551, are retroactively applicable to cases on collateral review.  *In re Mullins*, 942 F.3d 975, 978–79 (10th Cir. 2019).  Accordingly, Defendant's Motion is not barred by the statute of limitations set forth in 28 U.S.C. § 2255(f)(3).

felony affecting such bank." Thus, it does not appear that a violation of this provision itself requires (*i.e.*, "has as an element") the attempted, threatened, or actual use of force against another person. *Cf. Mathis v. United States*, 136 S. Ct. 2243, 2256–57 (2016).

However, Defendant was also convicted under § 2113(d), which provides:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(d).

As the Tenth Circuit has explained, § 2113(d) has "as an element the use, attempted use, or threatened use of physical force." *United States v. Lloyd*, 741 F. App'x 570, 573 (10th Cir. 2018) (citing *United States v. Maldonado-Palma*, 839 F.3d 1244, 1250 (10th Cir. 2016)); *United States v. Wade*, 719 F. App'x 822, 825–27 (10th Cir. 2017); *see also In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) (same)*; United States v. Johnson*, 899 F.3d 191, 203–04 (3d Cir. 2018) (same); *United States v. Deiter*, 1203, 1210–16 (10th Cir. 2018) (holding that § 2113(a) alone satisfies § 924(c)(3)(A)). Thus, given the weight of circuit authority on the issue, the Court finds Defendant's first argument to be without merit.

Unfortunately for Defendant, his second argument has also been rejected by the Tenth Circuit. *See Deiter*, 890 F.3d at 1214–16. In *Deiter* the court held that, in determining whether a conviction satisfies § 924(c)(3)(A), it is irrelevant whether the defendant was found to be an aidor or abettor, as opposed to a "principal." *Id*. Thus,

4

because a violation of §§ 2113(a) and (d) constitutes a "crime of violence" under § 924(c)(3)(A), so does aiding and abetting a violation of §§ 2113(a) and (d).

Given the analysis above, the Court concludes that the crime of violating 18 U.S.C. §§ 2, 2113(a), and 2113(d) (aiding and abetting an armed bank robbery), has "as an element the use, attempted use, or threatened use" of physical force, and therefore satisfies § 924(c)(3)(A).  As such, Defendant's conviction on Count 3 (18 U.S.C. §§ 2; 2113(a) and (d)) serves as a proper predicate crime for Defendant's conviction on Count 4 (18 U.S.C. §§ 2; 924(c)(1)(A)), and as a consequence the Defendant's Motion in its entirety is without merit.[2]

### IV.  CONCLUSION

In accordance with the foregoing, the Court ORDERS that Defendant's Motion to Vacate Judgment (ECF No. 418) is DENIED.  The Clerk of Court shall enter judgment accordingly and terminate this case, and each party shall bear his or its own costs.

Dated this 25th day of March, 2020.

BY THE COURT:

William J. Martinez
United States District Judge

---

[2] While on the face of the judgment it is unclear whether Defendant's conviction on Count 4 was based on § 924(c)(3)(A) or (B), because in this case subsection (A) is satisfied, the distinction is immaterial.  See Deiter, 890 F.3d at 1203.  In other words, even if Defendant was found guilty on Count 4 under § 924(c)(3)(B), this would be harmless error.  Id.